**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

| | |
|---|---|
| MARILYN L., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 25-cv-2241-SHL-tmp |
| | ) |
| FRANK BISIGNANO, | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

---

**REPORT AND RECOMENDATION**

---

Before the court is Plaintiff Marilyn L.'s ("Plaintiff") Motion for an Award of Attorney's Fees Under the Equal Access to Justice Act ("EAJA").[1] (ECF No. 27.) For the following reasons, the undersigned recommends that the motion be granted, and Plaintiff awarded $8,000.00 in attorney's fees.

## I.    PROPOSED FINDINGS OF FACT

On March 4, 2025, Plaintiff filed a written request seeking judicial review of a social security decision, which denied her Social Security benefits.[2] (ECF No. 1.) On January 21, 2026, the

---

[1]On March 24, 2026, this motion was referred to the undersigned for a report and recommendation. (ECF No. 28.)

[2]Frank Bisignano became the Commissioner of Social Security on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is substituted as the defendant.

undersigned entered a report and recommendation, which recommended that the decision of the commissioner be reversed and remanded. (ECF No. 24.) That report and recommendation was subsequently adopted by the district judge on February 23, 2026. (ECF No. 25.) Plaintiff filed the present motion on March 24, 2026, seeking an award of attorney's fees under the EAJA, 28 U.S.C. § 2412(d). (ECF No. 27-1 at PageID 2763.) Before filing this motion, the parties conferred and agreed to a payment of $8,000.00 in attorney's fees. (ECF Nos. 27 at PageID 2761, 29 at PageID 2794.) Plaintiff initially also requested $405.00 in costs for the filing fee but has since withdrawn that request because Plaintiff was excused from paying the filing fee. (ECF No. 29, see ECF No. 11 (granting Plaintiff's Motion to Proceed *in forma pauperis*).)

## II.   PROPOSED CONCLUSIONS OF LAW

### A.   Standard of Review

In order to receive attorney's fees under EAJA, four conditions must be met: the plaintiff must be a prevailing party, the Commissioner's position must not be substantially justified, there must be no special circumstances warranting denial of fees, and the application for attorney's fees must be filed within thirty days of the entry of a final judgment. 28 U.S.C. § 2412(d)(1). See also Coursey v. Comm'r of Soc. Sec., 843 F.3d 1095, 1098 (6th Cir. 2016); Brewer v. Bisignano, No. 1:25-CV-87, 2026 WL 562714, at *1 (E.D. Tenn. Jan. 6, 2026) (citing 28 U.S.C. § 2412(d)(1)). The

amount of attorney's fees requested must also be reasonable. 28 U.S.C. § 2412(d)(2)(A).

## B.    EAJA Eligibility Requirements

On February 23, 2026, this case was reversed and remanded under 42 U.S.C. §405(g), (ECF No. 25), "which, for purposes of EAJA fees, renders Plaintiff a 'prevailing party.'" Brewer, 2026 WL 562714, at *1 (citing Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993)). Thus, the first condition for granting attorney's fees under the EAJA has been met. The second condition has also been met. The reversal and remand of the case shows that the position taken by the Commissioner was not reasonable, and therefore not substantially justified. Id.; 28 U.S.C. § 2412(d)(2)(D). Additionally, the Commissioner does not oppose Plaintiff's request for attorney's fees under the EAJA and has agreed with Plaintiff on an amount of fees to be paid, "thereby conceding that the Commissioner's position in this matter was not substantially justified[.]" Brewer, 2026 WL 562714, at *1. As to the third requirement, the undersigned is unaware of any special circumstances that would make awarding attorney's fees under the EAJA unjust. Lastly, Plaintiff's motion was filed within thirty days of the final judgment. Id.; see also Shalala, 509 U.S. at 302; Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991).

## C.    Reasonableness of Attorney's Fees

- 3 -

Pursuant to 28 U.S.C. § 2412(d)(2)(A), "'fees and other expenses' include[] . . . reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "Under the EAJA, reasonable attorney fees 'shall be based upon prevailing market rates for the kind and quality of the services furnished, . . . and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.'" Brewer, 2026 WL 562714, at *2 (quoting 28 U.S.C. § 2412(d)(2)(A)). The "[p]laintiff[] bear[s] the burden of producing appropriate evidence to support the requested increase[,]" and "[t]o prove that an award exceeding $125 per hour is justified, plaintiffs must 'produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" Id. (quoting Bryant v. Comm'r of Soc. Sec., 578 F.3d 443, 450 (6th Cir. 2009)).

In support of the request for an increased hourly rate, Plaintiff provides declarations from her counsel as to their experience, time spent on her case, and costs, and cites recent comparable cases in the Western District of Tennessee. (ECF Nos. 27-1 at PageID 2766, 27-3, 27-4, 27-5, 27-8, 27-9, 27-11.) She

also cites the Consumer Price Index ("CPI") reports compiled by the U.S. Department of Labor, which may serve as proof of an increase in the cost of living when combined with attorney affidavits and qualifications. Coursey, 843 F.3d at 1098; see also Baraka Y. v. Comm'r of Soc. Sec., No. 25-cv-11025, 2026 WL 115010, at *2 (E.D. Mich. Jan. 15, 2026). Plaintiff has demonstrated that her requested rate falls within the maximum allowable hourly rate when adjusted for the increase in the cost of living between 1996 and March 2025. (ECF 27-1 at PageID 2766.) "[T]he EAJA rate was last adjusted in 1996." Brewer, 2026 WL 562714, at *2. The undersigned has considered the amount requested, the justification provided, rates for attorneys' services in the area, and the Commissioner's lack of opposition, and hereby finds that the fee requested is reasonable.

### III. RECOMMENDATION

For the above reasons, the undersigned recommends that Plaintiff's Motion for Attorney's Fees be granted, and Plaintiff be awarded $8,000 in attorney's fees.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

March 30, 2026
Date

- 5 -

NOTICE

WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.